United States Bankruptcy Court

District of Minnesota

In re:

James E. Gaboury
aka Jimmy Gabury, asf Jimmy's Customs, Rods &
Classics, Ltd., asf Jimmy's CRC Inc.

Chapter 7
Case Number: 10-47518-NCD

Keith Anderson,
an individual,

       Plaintiff,

vs.

James E. Gaboury
aka Jimmy Gabury, asf Jimmy's Customs, Rods &
Classics, Ltd., asf Jimmy's CRC Inc.
Customs, Rods and Classics, Inc.
a Minnesota corporation,

       Defendants.

## Complaint to Determine Dischargeability of Debt

Plaintiff commences this adversary proceeding against Defendant to seek a determination from the Court that Defendant's debt to Plaintiff is non-dischargeable and respectfully states and alleges as follows:

### Jurisdiction & Venue

1. This is an adversary proceeding pursuant to Rule 7001 of the Rules of Bankruptcy Procedure and Section 523 of the Bankruptcy Code to except Defendant-Debtors' debt to Keith Anderson.

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 1334.

3. This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. Section 157 (b)(2)(F).

4. This District is the proper venue for this proceeding pursuant to 28 U.S.C. Section 1409.

5. Plaintiff is a listed creditor of Debtor and resides in Minnesota.

## Facts

6. The parties executed a written agreement (the "Agreement") on or about April 30, 2004 in Scott County, Minnesota.

7. Plaintiff contracted with Defendant to restore Plaintiff's 1967 Oldsmobile 442 (the "Vehicle").

8. In the process of restoring the Vehicle Defendant charged an unreasonable fee.

9. Plaintiff advanced Defendant monies to complete the work on Plaintiff's vehicle.

10. Defendant told Plaintiff that the monies advanced were to be used to perform work on the Vehicle.

11. Despite promises made to Plaintiff, Defendant represented to Plaintiff that Plaintiff's monies were used to finance corporate projects which did not benefit the work on Plaintiff's vehicle.

12. Defendant regularly took advances from customers, promised to use those advances on customer projects, but instead used those advances to buy personal items and finance other aspects of the business.

13. Defendant individually represented to Plaintiff that the work on Plaintiff's automobile would be complete when Defendant knew the work would not be complete.

14. Defendant charged Plaintiff approximately $180,000 to restore the Vehicle and failed to complete the project.

15. Plaintiff could have purchased a completely restored vehicle for approximately $60,000.

16. Defendant continued to take advances from Plaintiff to finance his business operation when Defendant knew that the advances sought exceeded the cost of the same vehicle which could have been purchased on the open market.

17. Plaintiff reasonably relied on the promises made by Defendant to Plaintiff's detriment and loss.

18. As a direct cause of Defendant's behavior and conduct Plaintiff has incurred damages in excess of $120,000 plus interest and costs and fees.

### Cause of Action

19. Plaintiff seeks a determination by the Court that Defendant's debt to Plaintiff is and should be non-dischargeable in the above captioned matter.

20. Plaintiff proceeds under 11 U.S.C. Section 523 (a)(2)(A).

### Cause of Action

21. Plaintiff seeks a determination by the Court that Defendant's debt to Plaintiff is and should be non-dischargeable in the above captioned matter.

22. Plaintiff proceeds under 11 U.S.C. Section 523 (a)(4).

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment for Plaintiff and against Defendant;

2. For Plaintiff's fees and costs;

3. For such other and further relief as justice requires.

Dated: January 4, 2011

*(signature)*
Richard G. McGee, 194566
P.O. Box 47068
Plymouth, MN 55447
Telephone: (763) 560-8608
**Attorney for Plaintiff**

4